Matter of Lynch (2019 NY Slip Op 04385)





Matter of Lynch


2019 NY Slip Op 04385


Decided on June 5, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-14294

[*1]In the Matter of Kyle Thomas Lynch, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Kyle Thomas Lynch, respondent. (Attorney Registration No. 4183125)



MOTION by the Grievance Committee for the Ninth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), based upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 25, 2004. By decision and order on motion dated August 12, 2016, this Court, pursuant to former 22 NYCRR 691.13(b)(1), immediately suspended respondent from the practice of law for an indefinite period upon his admitted incapacitation due to mental infirmity or illness.



Gary L. Casella, White Plains, NY (Forrest Strauss of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On April 20, 2018, the respondent pleaded guilty before the Honorable Mark. D. Cohen, an Acting Justice of the Supreme Court, Suffolk County, to three counts of grand larceny in the second degree, in violation of Penal Law § 155.40, a class C felony; grand larceny in the third degree, in violation of Penal Law § 155.35, a class D felony; two counts of identity theft in the first degree, in violation of Penal Law § 190.80(1), a class D felony; and two counts of unlawful possession of personal identification information in the third degree, in violation of Penal Law § 190.81, a class A misdemeanor.
The Grievance Committee for the Ninth Judicial District moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4)(b) based upon his felony conviction. Although the respondent was duly served, he has neither opposed the motion nor interposed any response thereto.
Pursuant to Judiciary Law § 90(4)(a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.
Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b), is granted to reflect the respondent's automatic disbarment as of April 20, 2018.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Kyle Thomas Lynch, a suspended attorney, is disbarred, effective April 20, 2018, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Kyle Thomas Lynch, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Kyle Thomas Lynch, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kyle Thomas Lynch, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court